IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRIS JONES.                                                                           PLAINTIFF

V.                                                                                NO.1:05CV88-D-B

STATE OF MISSISSIPPI, ET AL,                                                          DEFENDANTS

**O P I N I O N**

This *pro se* 42 U.S.C. § 1983 complaint is brought by an inmate currently incarcerated at the Winston-Choctaw County Regional Confinement Facility. He states that he was arrested in June 2000 by Lowndes County narcotics agents, who took United States currency from him in the amount of $11,230.00. He was later convicted of aggravated assault, for which he is now incarcerated. The charge involving narcotics was not prosecuted, and the money which was seized was in no way related to the assault charge.

State court authorities served Jones with a set of interrogatories during a forfeiture proceeding in state court concerning the money in question. Beverly Mitchell Franklin, a county court judge, on June 22, 2004, issued an order sanctioning Jones for failing to answer the interrogatories completely, and ordering that as sanctions the $11,230 would be forfeited to the Lowndes County Narcotics Unit. Plaintiff argues that this action was not proper, in that it was not timely. He asks that this court order that his funds be returned.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

A prior state court judgment is given the same preclusive effect in a subsequent federal court action as it would be given by the courts of the state in which the prior judgment was rendered. 28 U.S.C. §1738; *Migra v. Warren City School District Board of Ed.*, 465 U.S. 73, 84-85 (1984). Mississippi law gives *res judicata* effect to:

> 'all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit,' provided of course that the four identities of res judicata are present.  They are: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

*Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989) (quoting *Dunaway v. W.H. Hopper & Assoc. Inc.*, 442 So. 2d 749, 751 (Miss. 1982)).

The state court proceedings concerning the money seized from plaintiff satisfies all four elements; therefore, the doctrine of *res judicata* applies and the case must be dismissed.  If plaintiff believes that the state court ruled incorrectly his remedy was to appeal the forfeiture order through the state court appellate system.

A final judgment in accordance with this opinion will be entered.

THIS the 19th day of April, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE